IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00205-BNB

DEAN CARBAJAL,

     Plaintiff,

v.

MATHEW HOLMAN, Deputy Assistant Attorney General for the State of Colorado, in his
     individual and official capacity,
DELTA COUNTY BOARD OF COUNTY COMMISSIONERS, a political subdivision of
     the State of Colorado, and
SHERRI PRICE, a Deputy District Attorney for the Second Judicial District, in her
     individual and official capacity,

     Defendants.

---

## ORDER OF DISMISSAL

---

     Plaintiff, Dean Carbajal, is a prisoner in the custody of the Colorado Department
of Corrections at the Centennial Correctional Facility in Cañon City, Colorado.  Mr.
Carbajal has filed *pro se* a Prisoner Complaint in which he alleges that his rights under
the United States Constitution have been violated.  Mr. Carbajal also asserts a state law
breach of contract claim.  The relief he seeks apparently includes damages, a
declaration that his rights have been violated, injunctive relief that would free him from
the statutory obligation of registering as a sex offender, and the removal to federal court
of a pending Colorado state court appeal.

     The Court must construe the Prisoner Complaint liberally because Mr. Carbajal is
not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);
*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not act as an advocate for a *pro se* litigant.  *See id.*

The Prisoner Complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure because the Prisoner Complaint is prolix.  As a result, Mr. Carbajal fails to provide a short and plain statement of his claims showing that he is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2).  However, the Court will not dismiss the Prisoner Complaint for that reason.

Mr. Carbajal's claims in this action arise out of his 1999 sexual assault case in the District Court of Delta County, Colorado.  Pursuant to a plea agreement in that case, the trial court imposed a deferred judgment on a sexual assault charge.  *See People v. Carbajal*, 198 P.3d 102, 104 (Colo. 2008).

> A deferred judgment is created and authorized by statute. Colorado's deferred judgment statute, section 18-1.3-102, C.R.S. (2008), strictly controls a trial court's authority to impose a deferred judgment, and a trial court lacks authority to impose a deferred judgment outside the statute's limits. Once a defendant pleads guilty to a felony, the deferred judgment statute allows the trial court to continue the defendant's case without entering judgment for up to four years from the date of the plea, and implement probation-like supervision conditions in return for the continuance. § 18-1.3-102(1).  In limited circumstances, a trial court may extend the felony deferred judgment period beyond four years.  *Id.*  The extension must be for restitution, and may only continue the case one hundred and eighty days.  *Id.* Because a deferred judgment provides probation-like supervision, the deferral can be revoked – and judgment entered and sentence imposed – if the defendant violates

2

> any supervision conditions. § 18-1.3-102(2). However, if the
> People wish to revoke a defendant's deferred judgment, they
> must file their revocation petition no later than thirty days
> after the four year time period expires. *Id.* Finally, if a
> defendant serves four years of deferred judgment
> supervision for a felony without revocation or permissible
> extension, his guilty plea must be withdrawn and his case
> must be dismissed with prejudice. *Id.* When a trial court
> grants a deferred judgment it must comply with these
> statutory limits.

*Id.* at 105-06. On December 15, 2008, the Colorado Supreme Court entered an order

directing the Delta County District Court to dismiss Mr. Carbajal's deferred judgment in

the 1999 sexual assault case because the trial court had exceeded its jurisdiction and

statutory authority by starting the deferred judgment nearly three years after Mr.

Carbajal entered his guilty plea, continuing the deferred judgment for nearly seven

years after his plea, hearing a revocation petition filed eight months after the statutory

filing limit, and enforcing a two-year extension framed as a stipulation to new

supervision conditions. *See id.* at 107.

According to Mr. Carbajal, his plea agreement in the 1999 sexual assault case

provided that he would be required to register as a sex offender during the term of the

deferred judgment and that he could petition for his removal from the sex offender

registry upon dismissal of his guilty plea and he would be removed from the registry.

Thus, Mr. Carbajal alleges he filed in the Delta County District Court a petition to be

removed from the sex offender registry sometime after the Colorado Supreme Court

issued its mandate on January 16, 2009. He further alleges that Defendant Sherri

Price, a deputy district attorney in Delta County, opposed this request in violation of the

terms of his plea agreement. The Delta County District Court apparently denied Mr.

Carbajal's petition to be removed from the sex offender registry because he contends

that he filed an appeal from the Delta County District Court's adverse order in April

2009.  Mr. Carbajal maintains that Defendant Mathew Holman, a Colorado Assistant

Attorney General, represents the State on appeal and continues to oppose Mr.

Carbajal's request to be removed from the sex offender registry.  Mr. Carbajal's appeal

apparently remains pending in the Colorado Court of Appeals.

   The third and final Defendant in this action is the Delta County Board of County

Commissioners.  According to Mr. Carbajal, the Delta County Board of County

Commissioners is responsible for the policies, practices, and customs of the Seventh[1]

Judicial District Attorney's Office, in which deputy district attorney Price is employed,

because the Board of County Commissioners controls the budget and funds the

Seventh Judicial District Attorney's Office.  However, district attorneys' offices in

Colorado are arms of the state and not the county in which they are located.  *See*

*Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989); *Romero v. Boulder County*

*DA's Office*, 87 F. App'x 696, 698 (10th Cir. 2004); *Bragg v. Office of the Dist. Attorney*,

704 F. Supp.2d 1032, 1064-67 (D. Colo. 2009).  Therefore, the Delta County Board of

County Commissioners has no control over, and is not responsible for, the policies and

practices of the Seventh Judicial District Attorney's Office or the actions of deputy

district attorney Price and is not a proper Defendant in this action.  Mr. Carbajal's vague

and conclusory allegations of a conspiracy among the Defendants does not alter this

[1]Mr. Carbajal erroneously alleges that the Delta County Board of County Commissioners is responsible for the policies, practices, and customs of Colorado's Second Judicial District in the Prisoner Complaint.  The Second Judicial District is composed of the City and County of Denver.  *See* Colo. Rev. Stat. § 13-5-103(1).  The Seventh Judicial District includes Delta County.  *See* Colo. Rev. Stat. § 13-5-108(1).

4

conclusion.

Mr. Carbajal's claims against Defendants Price and Holman also must be dismissed.  The crux of this action is Mr. Carbajal's contention that his rights have been violated because Defendants Price and Holman have opposed his efforts to be removed from the sex offender registry in violation of the terms of his plea agreement.  As noted above, the Delta County District Court issued an adverse order apparently denying Mr. Carbajal's petition seeking removal from the sex offender registry and Mr. Carbajal has appealed that determination to the Colorado Court of Appeals.  Therefore, any consideration of the merits of Mr. Carbajal's claims against Defendants Price and Holman necessarily requires consideration of the propriety of the Delta County District Court's order that currently is on appeal to the Colorado Court of Appeals.  In fact, part of the relief Mr. Carbajal seeks in this action is removal of his state court appeal to federal court so that this Court can decide that appeal.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state proceedings.  *See Younger v. Harris*, 401 U.S. 37 (1971).  *Younger* abstention is appropriate if three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings.  Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit.  Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th Cir. 1997); *see also Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  In the instant action, all three conditions are met.

The first condition is met because Mr. Carbajal alleges that his appeal remains

pending before the Colorado Court of Appeals.  The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).  With respect to the third condition, it is not clear exactly what steps Mr. Carbajal has taken to present his federal claims in state court.  However, it is clear that Mr. Carbajal fails to demonstrate the absence of an adequate opportunity to present his federal claims in the state proceedings.  The fact that Mr. Carbajal has not obtained the relief he seeks in state court does not mean that he has not had, or does not have, an adequate opportunity to present his federal claims in the state court proceedings.

Mr. Carbajal "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'"  *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  To establish extraordinary or special circumstances, Mr. Carbajal must be facing an irreparable injury that is both great and immediate.  *See Younger*, 401 U.S. at 46.  Furthermore, the exceptions to *Younger* provide only for a "very narrow gate for federal intervention."  *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).  Finally, it is Mr. Carbajal's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment."  *Id.* at 890.

Mr. Carbajal fails to demonstrate that he will suffer any irreparable injury that is

6

both great and immediate if the Court fails to intervene in the pending state court proceedings.  Therefore, the Court finds that *Younger* abstention is appropriate in this action.

Furthermore, even if abstention under *Younger* was not appropriate with respect to all or some of Mr. Carbajal's claims, the Court finds that those claims lack merit for other reasons.  For one thing it appears that Mr. Carbajal's claims, at least to the extent they are asserted against Defendant Price, are barred by the statute of limitations because those claims arose in 2009.  *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (finding that a two-year statute of limitations applies to § 1983 actions in Colorado).

More importantly, Defendants Price and Holman are entitled to immunity for their advocacy on behalf of the State in connection with Mr. Carbajal's postconviction motion and appeal.  *See Mink v. Suthers*, 482 F.3d 1244, 1261 (10th Cir. 2007) (stating that "a prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case."); *see also Ellibee v. Fox*, 244 F. App'x 839, 844-45 (10th Cir. 2007) (quoting *Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003), for the proposition that "[a]bsolute immunity applies to the adversarial acts of prosecutors during postconviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate.").

Finally, the Court will address Mr. Carbajal claim in which he seeks to remove the pending state court appeal to federal court pursuant to 28 U.S.C. § 1443.  Although it is

not appropriate to seek removal of a pending state court action as part of his claims in this civil rights action, the Court notes that the request would lack merit even if Mr. Carbajal were to file a proper notice of removal.

The two requirements for removal under 28 U.S.C. § 1443(1) are narrow and well-defined.  *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997).  "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal."  *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219)).  Mr. Carbajal's vague and conclusory allegations that his civil rights are being violated by the Defendants' opposition to his petition seeking removal from the sex offender registry do not demonstrate he has been denied any rights based on his race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'"  *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)).  The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966).  This requirement must be supported by specific factual allegations.  *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985).  Mr. Carbajal has failed to provide the court with specific factual allegations regarding his inability to enforce his constitutional rights in the state court criminal prosecutions.  Therefore, removal pursuant to § 1443(1) is not appropriate.

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate.  Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."  *City of Greenwood*, 384 U.S. at 824.  Mr. Carbajal does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

For these reasons, the action will be dismissed.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice pursuant to the *Younger* abstention doctrine.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __27th__ day of ____March_____, 2012.

BY THE COURT:


___ s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court