IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00205-LTB

DEAN CARBAJAL,

    Plaintiff,

v.

MATHEW HOLMAN, Deputy Assistant Attorney General for the State of Colorado, in his
    individual and official capacity,
DELTA COUNTY BOARD OF COUNTY COMMISSIONERS, a political subdivision of
    the State of Colorado, and
SHERRI PRICE, a Deputy District Attorney for the Second Judicial District, in her
    individual and official capacity,

    Defendants.

ORDER DENYING MOTION TO VACATE JUDGMENT

    Plaintiff, Dean Carbajal, has filed *pro se* on April 10, 2012, a Motion for Reconsideration and/or to Vacate Judgment and Contemporaneous Objection (ECF No. 15) in which he asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on March 27, 2012. The Court must construe the motion liberally because Mr. Carbajal is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Plaintiffs' Motion to Vacate Judgment pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court dismissed the instant action without prejudice pursuant to the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). More specifically, the Court determined that consideration of the merits of Mr. Carbajal's claims in this action necessarily would require consideration of a state court order that currently is on appeal to the Colorado Court of Appeals. The Court also stated in the dismissal order that the Delta County Board of County Commissioners is not a proper Defendant in this action; that some of Mr. Carbajal's claims are time-barred; that Defendants Holman and Price are entitled to absolute prosecutorial immunity; and that Mr. Carbajal may not remove his pending state court appeal to this Court. Mr. Carbajal challenges each of these

determinations in the motion to reconsider.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Carbajal fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Court remains convinced that this action properly was dismissed pursuant to the *Younger* abstention doctrine. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that Plaintiff's Motion for Reconsideration and/or to Vacate Judgment and Contemporaneous Objection (ECF No. 15) filed on April 10, 2012, is DENIED.

DATED at Denver, Colorado, this  16th  day of    April    , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court